FILED
SUPERIOR COURT

2012 OCT -9 PM 4: 59

CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT OF GUAM

JOSEPH T. DUENAS, as administrator for the ESTATE OF ROSARIO T. QUICHOCHO,

Plaintiff,

vs.

GEORGE & MATILDA KALLINGAL, P.C., GJADE INC., and FORTUNE JOINT VENTURE,

Defendants,

DEPARTMENT OF PUBLIC HEALTH AND SOCIAL SERVICES, GOVERNMENT OF GUAM,

Intervenor.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**CIVIL CASE NO. CV1440-07**

**DECISION AND ORDER**

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on August 14, 2012, on remand from the Supreme Court of Guam. Attorney Vincent Leon Guerrero represents Joseph T. Duenas, as administrator for the Estate of Rosario T. Quichocho ("Plaintiff"). Attorney Ronald P. Moroni represents George and Matilda Kallingal, P.C., GJADE Inc., and Fortune Venture (Defendants). The Department of Public Health and Social Services, Government of Guam ("Intervenor"), is represented by the Office of the Attorney General.

///

///

1

## BACKGROUND

The Supreme Court of Guam issued its Opinion and Judgment in the above captioned case on May 17, 2012. See *Duenas v. George and Matilda Kallingal, P.C.*, 2012 Guam 4. The Supreme Court affirmed this Court's summary judgment in favor of Rosario Quichocho, determining that Fortune Joint Venture, Kallingal, P.C. ("KPC") and GJADE were jointly and severally liable for unpaid rent as a matter of law. *Id.* at ¶ 27. However, the Supreme Court reversed this Court's assessment of fifteen percent on the total unpaid balance owing by FJV and KPC because a covenant to pay interest is not a covenant running with the land. *Judgment* (May 17, 2012). The Supreme Court also determined that Rosario Quichocho is not entitled to recover the penalty interest set out in the lease agreement, but she is entitled to recover simple interest under Guam law. *Duenas*, 2012 Guam 4 ¶ 44. Therefore, the legal interest rate of six percent per annum shall be assessed on the amount of unpaid rent owed to Rosario. *Id.* at ¶ 45.

The Supreme Court reversed this Court's award of attorney's fees because a covenant to pay attorney's fees does not run with the land. *Id.* at ¶ 49. As to this Court's dismissal of KPC's counterclaim for a new lease, the Supreme Court reversed and holds that KPC is entitled to a new lease, and the rental obligations under the new lease shall reflect the same terms that existed under the original lease. *Id. at* ¶ 39. Accordingly, the Supreme Court ruled that the issue of how to measure the damages for possession of the property post-termination of the lease is moot[1]. *Id.*

---

[1] "[W]hen the underlying lease terminated in 2007, in Year Thirteen, the new lease commenced in accordance with the rental formula of Year Thirteen in the Original lease. Because we have concluded that FVJ and KPC are to pay rent under the terms of the original lease, the issue of how to measure damages for possession of the property post-

## DISCUSSION

### I.  New Lease

On remand, Plaintiff filed a submission of new lease in conformance with the Supreme Court mandate. However, Defendant has not yet signed off on the new lease. Defendant contends that "[t]he Supreme Court did not order the Superior Court to require a specific performance; that is the Supreme Court did not state that the Plaintiff should be ordered to execute a new lease at this time." Defs' Memo Re: Status of Case at 4 (Jul. 27, 2012). Conversely, Defendant also argues that "[i]n the event that the court orders specific performance, the court should require Plaintiff to execute a new lease beginning now." *Id.* Defendant further argues that "[t]he court should also award KPC consequential damages for the five year delay in the execution of the lease[,]" contending that "[t]his is the only way that KPC could be made whole for Plaintiff's breach."

Plaintiff acknowledges that "it is clear that KPC is entitled to a new lease[,]" given the Supreme Court's instruction. Pl's Position Re Remand at 3 (Jul. 27, 2012). Likewise, Plaintiff contends that he "presented a new lease which incorporates the terms of the original lease and commences (if signed by KPC) as of the date the original lease terminated. FPC has yet to perform it[s] obligations." *Id.* Plaintiff further contends that "[s]ince there is no contract currently in effect and since rent has not been paid under the new lease, KPC cannot be entitled to damages.

The Court notes that the Supreme Court's Opinion remanded the matter back to entitle KPC to a new lease. *Duenas v. George and Matilda Kallingal, P.C.*, 2012 Guam 4 ¶ 39.

---

termination of the lease is moot. We remand the matter back to the trial court to calculate the damages in accordance with this opinion." *Duenas v. George and Matilda Kallingal, P.C.*, 2012 Guam 4 ¶ 39.

3

Plaintiff has since submitted a new lease in conformance with the Supreme Court Mandate and it has not been executed by Defendant. The new lease shall reflect the same terms that existed under the original lease. The Court also recognizes that Defendants' position is that "[i]n the event that the court orders specific performance, the court should require Plaintiff to execute a new lease beginning now." Defs' Memo Re: Status of Case at 4 (Jul. 27, 2012). In view of this, it is the Court's interpretation that at the time the new lease executed, damages can be calculated in accordance with the Supreme Court's opinion. See *Duenas,* 2012 Guam 4 ¶ 39.

Therefore, the Court is giving Defendants ninety days (90) to decide if the new lease will be executed or not. Likewise, the issue of post-termination damages cannot be addressed at this time.

## II. PRE-TERMINATION RENT

The Supreme Court ruled that FJV, KPC, and GJADE are jointly and severally liable for unpaid rent by virtue of their partnership. See *Duenas,* 2012 Guam 4 ¶ 27. However, the Supreme Court determined that the legal interest rate of six percent per annum shall be assessed on the amount of unpaid rent owed to Plaintiff, instead of fifteen percent pursuant to the delinquent payments provision in the original Ground Lease Agreement. *Id.* at ¶ 45. To that effect, both parties have submitted their calculations for the Court's consideration. Defendants' calculations account for the months of December 2003 through October 2007. The total rent with statutory interest of six percent amounts to $256,623.44 based on Defendants' numbers. Defs' Memo Re: Status of Case at Appendix A (Jul. 27, 2012). Accordingly, Plaintiff also submitted his calculation of pre-termination rent. Plaintiff's position is that KPC and FJV must pay back rent in the amount of $294,780.65. Plaintiff's Amended Calculation of Pre-Termination Rent (Aug. 13, 2012).

The figures provided by Plaintiff were calculated by a certified public accountant for pre-termination rent as of July 31, 2012. The Court recognizes that Plaintiff's Schedule of Past Due Rent with Interest account for the months of December 2003 through November 2007. Plaintiff's total for past due rent without penalty amounts to $211,942.90. Defendants' total for past due rent without penalty amounts to $207,227.77. The reason for the difference is based on Defendants omission of November 2007. Hence, in adopting the $211,942.90 figure as provided by Plaintiff and adopting the interest through July 31, 2012, Plaintiff arrives at a total due at July 31, 2012 at $294,780.65.

Therefore, the Court hereby ORDERS Defendants to pay Plaintiff the amount of $294,780.65, applying the six percent simple interest under Guam law and consistent with the Supreme Court of Guam's Opinion. See *Duenas*, 2012 Guam 4 ¶ 44.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court is giving Defendants ninety (90) days to decide if the new lease will be executed or not. The Court also orders Defendants to pay Plaintiff the amount of $294,780.65 for pre-termination rent.

**SO ORDERED** this 9 day of _____Oct_____, 2012.

_____
HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

OCT 0 9 2012

Edna M. Nego
Deputy Clerk, Superior Court of Guam

5